# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

CLAUDIA L. WASHINGTON,
  Appellant,

v.

DEPARTMENT OF THE ARMY,
  Agency.

DOCKET NUMBER
AT-0752-15-0138-I-1

DATE: September 21, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John M. Brown</u>, Esquire, Augusta, Georgia, for the appellant.

<u>Christopher M. Kenny</u>, Fort Gordon, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which sustained her removal.  Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant was employed as a Nursing Assistant. Initial Appeal File (IAF), Tab 5 at 8. The agency proposed her removal based upon a charge of "False Statements (Falsified Information on a Request for Advanced Sick Leave Form)." *Id*. at 12-13. The agency alleged that the appellant forged the initials of her supervisors on a request for advanced sick leave (the request) for an absence that occurred prior to the request. *Id*. at 12. The appellant did not submit a reply to the proposal. *See id*. at 9. The agency subsequently removed the appellant. *Id*. at 8-11. The appellant challenged her removal before the Board, asserting that the agency falsely accused her of forgery. IAF, Tab 1 at 5. She requested a hearing.[2] *Id*. at 2.

¶3      After holding the requested hearing, Hearing Compact Disc (HCD), the administrative judge issued an initial decision sustaining the appellant's removal, IAF, Tab 19, Initial Decision (ID). He found that agency witnesses were more credible than the appellant and rejected the opinion of the appellant's handwriting

_____

[2] The appellant moved to amend her appeal to include the affirmative defenses of retaliation for equal employment opportunity (EEO) activity and disability discrimination. IAF, Tabs 10, 13. The administrative judge granted her requests. IAF, Tabs 12, 15.

expert. ID at 5-11. Based on these credibility determinations, he found that it was more likely than not that the appellant forged the initials of agency officials on her request, which constituted a knowing and material false statement made with the specific intent to deceive. ID at 11. He therefore sustained the charge.[3] *Id*.

¶4      The appellant has filed a timely petition for review in which she challenges the administrative judge's finding sustaining the charge. Petition for Review (PFR) File, Tab 1. She asserts, inter alia, that the Board is not required to defer to the administrative judge's credibility determinations because they were based on the circumstances of the witnesses as opposed to his observations of the witnesses and because he performed a deficient credibility analysis. *Id*. at 8-9. She specifies a variety of deficiencies in the administrative judge's credibility analysis and his analysis of the expert testimony. *Id*. at 9-17. The agency has responded in opposition to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      A charge of false statements is a falsification charge. *Parker v. Department of Veterans Affairs*, 122 M.S.P.R. 353, ¶ 10 (2015). To establish a charge of falsification, the agency must prove by preponderant evidence[4] that the appellant: (1) supplied wrong information; and (2) knowingly did so with the intention of (a) defrauding, deceiving, or misleading the agency, and (b) defrauding the

---

[3] After sustaining the charge, the administrative judge found a nexus between the appellant's conduct and the efficiency of the service, upheld the removal penalty, and found that she failed to establish her affirmative defenses of EEO retaliation and disability discrimination based upon either a failure to accommodate or disparate treatment. ID at 11-19. On review, the appellant does not challenge these findings, PFR File, Tab 1, and we see no reason to disturb the initial decision on these matters.

[4] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

agency for her own personal gain.[5]  *Id*. (citing *Haebe v. Department of Justice*, 288 F.3d 1288, 1305 (Fed. Cir. 2002)).  The administrative judge sustained the charge because he found that it was more likely than not that the appellant forged the initials of agency officials on the request, which was a knowing and material false statement made with the specific intent to deceive.  ID at 11.

¶6        The Board will not disturb an administrative judge's findings when he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility.  *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).  More specifically, when a hearing was held, the Board will defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, upon the observation of the demeanor of witnesses testifying at a hearing, because the administrative judge is in the best position to observe the witnesses' demeanor and determine which witnesses were testifying credibly.  *Haebe*, 288 F.3d at 1300-01.

¶7        Through application of the *Hillen* factors, the administrative judge found that agency witnesses were more credible than was the appellant.[6]  ID at 5.  The administrative judge found that the appellant's supervisors had a greater opportunity than did the appellant to observe whether they had signed the

---

[5] Although the administrative judge did not specifically address the factor of personal gain set forth above, we have reviewed that additional factor and find that it does not change the outcome of our disposition.

[6] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as:  (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor.  *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

appellant's request and that she had not claimed that she saw them sign the request. *Id*.; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458-59 (1987). Concerning prior inconsistent statements, the administrative judge noted that there were no prior inconsistent statements, but considered the fact that the appellant gave no prior statements (such as an oral or written response to the charge) as a factor weighing in favor of the agency in that it suggested that the appellant had not originally contested the charge.[7] ID at 5-6. Regarding possible witness bias, the administrative judge found that, contrary to the appellant's belief that her supervisors were "out to get her," any scrutiny she received was the result of normal managerial obligations regarding time and attendance policies and neither of her supervisors had any apparent animosity towards her. ID at 6; *see Franco v. Department of Health & Human Services*, 32 M.S.P.R. 653, 658 (1987) (finding that, even assuming that some personal dislike existed, the appellant did not establish that any bias or dislike by his supervisor had any bearing on her decision to remove him), *aff'd*, 852 F.2d 1292 (Fed. Cir. 1988) (Table).

¶8      Next, the administrative judge found that the appellant's version of events was contradicted by or inconsistent with other evidence and was inherently improbable. ID at 6-7, 10. Specifically, the administrative judge found that, consistent with agency evidence and testimony and contrary to the appellant's testimony, it was more likely than not that the appellant tried to bypass agency procedures to get the request approved. ID at 6-7. Her actions included sending the request directly to a senior office for approval without the approval of her

---

[7] The appellant challenges the fact that the administrative judge considered that she gave no prior statements (such as an oral or written response to the charge) as a factor that weighed in favor of the agency. PFR File, Tab 1 at 13; *see* ID at 5-6. Because the administrative judge's findings otherwise support the conclusion that the agency witnesses were more credible than was the appellant, notwithstanding his finding regarding the absence of prior statements, this challenge does not provide a basis for disturbing the initial decision.

supervisors, despite the fact that one of her supervisors told her that she would not approve the request. *Id*; *see Uske v. U.S. Postal Service*, 60 M.S.P.R. 544, 558 (1994) (finding the appellant's denials not credible when they were inconsistent with preponderant evidence to the contrary), *aff'd*, 56 F.3d 1375 (Fed. Cir. 1995). The administrative judge also found that the appellant's version of events was inherently improbable, including, inter alia, her assertion that, to cover up an action that would ultimately lead to scrutiny by higher management (the approval of the leave request), her supervisors denied signing her request when they had in fact done so. ID at 10; *see Christopher v. Department of the Army*, 107 M.S.P.R. 580, ¶ 18 (finding the appellant's denials inherently improbable), *aff'd*, 299 F. App'x 964 (Fed. Cir. 2008). Specifically, the administrative judge found that: (1) there was no evidence that higher management was upset about the request; (2) it was unlikely that either, much less both supervisors, would assume the risk of the possible career consequences that could result from lying under oath; and (3) it was doubtful that the supervisors would have suffered severe consequences for improperly approving the appellant's request for leave, had they actually approved it. ID at 10. Conversely, the agency's version of events—that the appellant forged the signatures—was not improbable, considering, inter alia, that she had an interest in getting the leave approved based upon the financial hardship that she faced when she was not paid for the time she was absent.[8] *Id*.

---

[8] The Board has held, when considering the bias of appellant testimony in a removal case, that most testimony that an appellant is likely to give, other than admissions, can be characterized as self-serving but that an appellant's testimony should not be discredited solely on that basis. *Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 25 (2015). Here, the administrative judge did not find bias based upon the appellant's financial hardship and interest in contesting her removal, but instead considered these factors to determine that her story was improbable. Regardless, the record supports the administrative judge's finding that the appellant's testimony was less credible than that of agency witnesses.

¶9     The administrative judge also found, based upon witness demeanor, that the appellant was less convincing than agency witnesses.  ID at 11.  Specifically, he found that the agency witnesses displayed a "very calm, direct, and straightforward demeanor," while the appellant's demeanor was less convincing due to her "convoluted and improbable explanation" regarding the request.  *Id*.; *see Fernandez v. Department of Agriculture*, 95 M.S.P.R. 63, ¶¶ 11-12 (2003) (deferring to the administrative judge's credibility determination that was based upon the appellant's demeanor while testifying, including, inter alia, that he was nervous and wavered at times and that his testimony was improbable).  Thus, contrary to the appellant's assertions on review, we find that the administrative judge's credibility findings are based on proper considerations, supported by the record, and both explicitly and implicitly based on his observations at the hearing.  *See* ID at 5-11.  We therefore will defer to them on review.  *See Haebe*, 288 F.3d at 1300–01.

¶10    The appellant asserts that, although one of her supervisors testified that she signed a document, the administrative judge improperly substituted his own opinion for that of her handwriting expert and concluded that the supervisor did not sign the document.  PFR File, Tab 1 at 17.  We disagree.  The Board has found that an administrative judge may identify handwriting based upon lay or expert opinion or upon comparison with other handwriting samples in evidence.  *Starr v. U.S. Postal Service*, 80 M.S.P.R. 59, ¶ 6 (1998).  The administrative judge may make handwriting comparisons and draw conclusions from them in the presence of, or in the absence of, an expert opinion.  *Id*.  Moreover, an administrative judge is free to reject the opinion of a witness offered as an expert.  *Mitchell v. Department of Defense*, 54 M.S.P.R. 641, 644 (1992).

¶11    The handwriting expert opined that it was more likely than not that one supervisor initialed the leave request at issue and that the other supervisor definitely initialed the request.  IAF, Tab 16 at 5.  However, the administrative judge compared the initials on the request with handwriting examples and other

documents from the supervisors and concluded that the initials on the request were different. ID at 7-9. He therefore rejected the expert's opinion because it did not comport with a layman's observation of the initials in question. ID at 8. He also found that the expert's opinion, which was solely based upon the review of the handwriting samples, was in conflict with other evidence, including, inter alia, the supervisors' credible testimony that they had not signed the request. ID at 9-10. Accordingly, we find that the appellant's assertion that the administrative judge substituted his own opinion for that of her handwriting expert does not provide a basis for disturbing the initial decision because the administrative judge was free to reject the opinion of the expert. *See generally Miller v. Department of the Navy*, 42 M.S.P.R. 10, 14-15 (1989) (finding that the administrative judge properly accorded greater weight to the testimony of agency witnesses than that of the appellant's expert).

¶12        Furthermore, the appellant's assertion that one of her supervisors testified to signing a document that the administrative judge concluded she did not sign is contradicted by the supervisor's testimony and the evidence of record. Specifically, the supervisor did not testify that she signed her initials, but instead testified, "I believe those are my initials . . . but I did not sign that." HCD, Track 1. This testimony is consistent with the supervisor's written statement denying that she signed her initials. IAF, Tab 5 at 21.

¶13        The appellant's remaining assertions constitute mere disagreement with the initial decision and thus do not provide a basis for disturbing it. *See Broughton*, 33 M.S.P.R. at 359. Therefore, we agree with the administrative judge's decision to sustain the agency's charge of filing a false statement.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order

before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See*  42 U.S.C.  § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                                  _____
                                                William D. Spencer
                                                Clerk of the Board

Washington, D.C.